United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,

    v.

DION LEROY JOHNSON,

    Defendant and Movant.
_____/

No. CR 04-0163 PJH

**ORDER DIRECTING REASSIGNMENT OF CASE NO. C 07-4467 SBA AND CONSOLIDATING PETITIONER'S SECTION 2255 MOTIONS IN C 07-5943 PJH AND C 07-4467 SBA**

    Movant Dion Leroy Johnson ("Johnson") is currently serving a sentence, imposed by the undersigned judge in CR-0163 PJH, at a federal correctional institute in Beaumont, Texas. Additionally, Johnson recently filed a motion for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, which was assigned to the undersigned judge on November 26, 2007, C 07-5943 PJH.

    The undersigned judge was recently alerted that on August 29, 2007, Johnson filed a prior § 2255 motion to vacate, which was mistakenly assigned to Judge Armstrong, C 07-4467 SBA. It is the practice of this court to assign section 2255 motions to the sentencing judge, in this case the undersigned. Accordingly, the clerk is directed to reassign C 07-4467 SBA to the undersigned judge. The court will consolidate Johnson's section 2255 petitions, and the parties are advised that all future filings pertaining to Johnson's consolidated section 2255 petition **should bear the criminal case no., CR 04-163 PJH.**

    The court has reviewed the claims raised by petitioner in his petition in C 07-4467

SBA, and notes that they overlap to a large degree with his four claims raised in C 07-5943 PJH. As noted in this court's November 28, 2007 order to show cause, Johnson raised the following claims in C 07-5943 PJH: (1) the prosecution presented misleading information to the grand jury; (2) the prosecution continued with the case after knowingly presenting perjured testimony to the grand jury; (3) that his guilty plea was unknowing and involuntary; and (4) that he received ineffective assistance of counsel when his counsel failed to challenge the above three issues. The government has already filed its answer and opposition to those four claims.

The only claim that Johnson raised in his petition in C 07-4467 SBA that was not raised in C 07-5943 PJH is that his counsel was ineffective when she "induced" Johnson to plead guilty to a claim that she knew Johnson did not commit. The government will be given an additional thirty days to answer this claim, and shall file and serve **by February 14, 2008,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not " vacate, set aside or correct the sentence" being served by movant.

Johnson may file and serve a response to the government's answer **no later than March 17, 2008**. In that document, he shall consolidate his response to the government's answer filed on January 3, 2008, in C 07-5943 PJH, with the upcoming government response on the above claim due February 14, 2008.

Johnson is advised that he may not file any more successive section 2255 petitions, and is reminded that he must add the criminal case no., **CR 04-163 PJH**, to his future filings.

**IT IS SO ORDERED.**

Dated: January 15, 2008

PHYLLIS J. HAMILTON
United States District Judge